UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MORTICIA L. PIERCE, ET AL.                           CIVIL ACTION

VERSUS                                               NUMBER 08-720-JJB-DLD

CITY OF PLAQUEMINE, ET AL.

### MAGISTRATE JUDGE'S REPORT

Plaintiff, appearing *pro se*, brings this action on behalf of those similarly situated against the City of Plaquemine and the Louisiana Energy and Power Authority (LEPA). The Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.

### Standard of Review

Pursuant to 28 U.S.C. §1915(e), this Court shall dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995). A §1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, supra.

### Discussion

Plaintiff is a resident of a neighborhood located outside of the city limits of the City of Plaquemine. Plaintiff alleges that she, and other residents of her neighborhood, have been paying for and have been provided utilities by the City of Plaquemine for over 30

years, but they have not been provided representation on the City Council of Plaquemine or been allowed to vote for Mayor of the City of Plaquemine. Additionally, plaintiff alleges that although she and her neighbors pay for utilities, money is not reinvested into her community because she lives outside of the city limits and in a majority black neighborhood. Plaintiff states in her complaint that in 1993, she petitioned to have her neighborhood incorporated into the city limits of the City of Plaquemine, but the petition was perceived as a joke and her neighborhood remains outside the city limits. On behalf of herself and those similarly situated, plaintiff seeks relief under the Fourteenth and Fifteenth Amendments of the United States Constitution, 42 U.S.C. §1983, and 18 U.S.C. §241 (rec. doc. 1). Plaintiff's complaint prays for "restitution in the amount of $2.5 billion, to be able to choose [their] own utility company, to become [their] own cities, or incorporate into the city limits." Id.

Plaintiff cannot recover under 18 U.S.C. §241 because it is a criminal statute that does not provide a cause of action for civil liability. See *Willing v. Lake Orion Community Schools Board of Trustees*, 924 F.Supp. 815 (E.D. Mich. 1996); *Moore v. Kamikawa*, 940 F. Supp. 260, 265 (D. Haw. 1995); *Christian Populist Party of Ark. v. Secretary of State of State of Ark.*, 650 F. Supp. 1205, 1214 (E.D. Ark. 1986). Thus, plaintiff's claims based on 18 U.S.C. §241 should be dismissed for lack of jurisdiction.

Plaintiff claims that her due process rights (and the rights of those similarly situated) were violated because she has been paying the City of Plaquemine for utilities for over 30 years, but her neighborhood has not been incorporated into the city limits, her neighborhood has not received representation on the city council, and she (and other residents in her area) have not been allowed to vote for Mayor of the City of Plaquemine.

Plaintiff alleges that she petitioned to incorporate her neighborhood into the City of Plaquemine in 1993, but that she was unsuccessful. She does not allege that either the City of Plaquemine or the LEPA prevented her from exercising her rights or enjoined her petition for incorporation.

There is no evidence that plaintiff's due process rights were violated by defendants, but rather that plaintiff was unsuccessful in her efforts to petition for incorporation. Because plaintiff has failed to allege a due process violation, this Court does not have jurisdiction over this matter. Plaintiff's claim for incorporation of her town/neighborhood into the City of Plaquemine is more appropriately pursued in state court under the specific statutory scheme set forth in Louisiana law. Accordingly, plaintiff's claims have no arguable basis in law or fact and should be dismissed, without prejudice, for plaintiff to pursue any claims she may have under Louisiana law for incorporation of her neighborhood/town into the City of Plaquemine.

**IT IS RECOMMENDED that** plaintiff's complaint (rec. doc. 1) should be **DISMISSED**, without prejudice.

Signed in Baton Rouge, Louisiana, on January 26, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MORTICIA L. PIERCE** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-720-JJB-DLD** |
| **CITY OF PLAQUEMINE, ET AL.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 26, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**